## Fee v. McDonald et al.

*J. K. Spurgeon*, for petitioner.
*E. J. McDaniel*, contra.

HENDERSON, J., December 27, 1935.—This case comes before the court on petition for a writ of mandamus directed to the defendants commanding and requiring them to fix the salary of plaintiff, Robert L. Fee, a teacher in the junior high school in the school district of the City

of Uniontown for the year 1935-1936 at a sum not less than $1500 per annum, or show cause why it should not be so done. To the writ a demurrer was filed alleging as reason in support thereof that the minimum annual salary of the plaintiff is $1300, and that they are not required to fix the minimum annual salary at $1500.

### Statement of facts

The school district of the City of Uniontown is a school district of the third class, and during the year 1932-1933 employed the plaintiff as a teacher in one of its junior high schools at an annual salary of $1200. The plaintiff was likewise employed as a teacher in its junior high school during the years 1933-1934 and 1934-1935 at an annual salary of $1080. He has thus served three consecutive years as a teacher in its junior high school, and has been employed to teach in the junior high school during the year 1935-1936. During the first three years the plaintiff taught under a college provisional certificate, and during the year 1935-1936 will teach under a college permanent certificate. No question is raised concerning the plaintiff's certification.

The contract under which the plaintiff taught during the year 1932-1933 at a salary of $1200 was terminated by the school district at the close of that year. During the years 1933-1934 and 1934-1935, the plaintiff taught under a contract wherein he was employed to teach during the year 1933-1934 at a salary of $1080 for the year, which contract contained a clause to the effect that it should continue from year to year unless terminated by either of the parties; it was not terminated by the action of either party at the end of the school year 1933-1934 and automatically continued in effect during the school year 1934-1935. During these two school terms he served the school district at an annual salary of $1080. This contract was not terminated by the action of either party at the end of the school year 1934-1935, but on the contrary the school district adopted a resolution, on March 13,

1935, continuing the contract in full force and effect for the year 1935-1936, with a stipulation to the effect that the school board should have the right to change or adjust the salary therein mentioned with the understanding that such salary should not be fixed at an amount less than the minimum salary provided by law, which resolution was supplemented by the agreement of the parties on March 15, 1935, to the same effect. It thus became the duty of the board of school directors for said school district to fix the plaintiff's salary for the year 1935-1936, under the terms of the resolution and supplemental agreement and under the general provision of the school law requiring the payment of certain minimum salaries.

### Question involved

Where a junior high school teacher with high school credentials teaches during the year 1932-1933 in a school district of the third class at a salary of $1200 per year, and teaches in the same school district during the school years of 1933-1934 and 1934-1935 at an annual salary of $1080, then, is such teacher entitled to receive for his services during the year 1935-1936 a minimum annual salary of $1500 or $1300?

### Discussion

The plaintiff's contention, to wit, that the annual salary of the plaintiff for the year 1935-1936 is $1500, is based upon the provisions of the School Code of May 18, 1911, P. L. 309, sec. 1210, as amended by the Act of July 28, 1917, P. L. 1235, as further amended by the Act of July 10, 1919, P. L. 910, as further amended by the Act of April 28, 1921, P. L. 328, and as further finally amended by the Act of May 23, 1923, P. L. 328, 24 PS §1164. As finally amended, section 1210 of the School Code of 1911 requires:

"The minimum salaries of all teachers . . . shall be paid by the several classes of districts in which such persons are employed, in accordance with the following schedules. . . .

"Districts of the third class. . . . high school teachers . . . minimum annual salary one thousand two hundred dollars ($1,200), minimum annual increment one hundred dollars ($100), minimum number of increments four (4), provided that where teachers in junior high schools have the qualifications required by the local school board for teachers of the senior high school, they shall be placed upon the high school schedule, otherwise, they shall be placed upon the elementary school schedule".

Under these statutory provisions, commonly referred to as the Edmonds Salary Law, the plaintiff was entitled to a minimum annual salary of $1200 for the first year he taught, in 1932-1933. For the year 1933-1934 he was entitled to received the minimum salary of $1200, plus one increment of $100, or $1300 in all. For the year 1934-1935 he was entitled to receive the minimum salary of $1200, plus two increments of $100 each, or $1400 in all. For the year 1935-1936 he will be entitled to receive the minimum salary of $1200, plus three increments of $100 each, or $1500 in all. The plaintiff, because of his services during the three years, 1932-1933, 1933-1934 and 1934-1935, has earned three increments of $100 each which must be added to his minimum salary of $1200 in order to fix and determine his minimum salary for the year 1935-1936, unless the minimum salary for that year is affected by the provision in the Act of April 25, 1933, P. L. 69, which directs, in section 13, that: "All acts and parts of acts inconsistent with the provisions of this act are hereby superseded for the period during which this act shall be in effect." The applicable provisions in the Act of 1933, supra, secs. 2 and 13, are:

"During the period in which this act shall be in effect, no school district shall be required to pay to any teacher or supervisor, who, during the year preceding the effective date of this act, shall have been in its employ . . . any salary or compensation at a rate greater than ninety per centum of the minimum amount which such teacher or supervisor was entitled to receive under the salary

schedule immediately prior to the effective date of this act."

"Inconsistent Provisions.—All acts and parts of acts inconsistent with the provisions of this act are hereby superseded for the period during which this act shall be in effect."

It will be noted that the Act of April 25, 1933, P. L. 69, continued in effect only until July 1, 1935. During its effective period it superseded the inconsistent provisions of the Edmonds Salary Law and other inconsistent acts. It superseded other inconsistent acts only insofar as the payment of salaries was concerned during its two-year effective period.

After the expiration of the effective date of the Act of 1933, supra, all of the provisions of the Edmonds Salary Law were restored to their full and original vigor without any further interference by the Act of 1933; and the salary of the plaintiff for the year 1935-1936 must now be determined solely under the terms of the Edmonds Salary Law without taking into consideration any of the terms or provisions of the Act of 1933.

The requirement of the Edmonds Salary Law is that the plaintiff shall receive a salary for the year 1935-1936 of $1500, being the basic salary of $1200 plus three increments of $100 each for his three years of service. But it is contended that the number of increments earned by the plaintiff should be determined without taking into consideration his two years of service while the Act of April 25, 1933, P. L. 69, was in effect, so that the plaintiff would be entitled to one increment only by reason of his services during the year 1932-1933; and that this construction of the Edmonds Salary Law is necessary because its provisions were suspended during these two years by reason of the Act of 1933, supra.

It would, of course, have been possible for the legislature to have suspended the provisions of the Edmonds Salary Law in case it had seen fit so to do; but the legislature in section 13 did not provide for the suspension

of inconsistent acts, but merely directed that the Act of 1933, supra, should supersede such inconsistent acts. If the legislature had intended to suspend the provisions of the Edmonds Salary Law, then it undoubtedly would have used apt words for that purpose, and instead of directing that inconsistent acts were superseded, it would have provided that the increments mentioned in the Edmonds Salary Law were suspended. It must be assumed that the legislature advisedly used in section 13 the word "superseded" rather than "suspended". When this distinction is understood, it is readily apparent that the Act of 1933, supra, should not be taken into consideration after July 1, 1935, in determining salaries under the Edmonds Salary Law and the number of increments earned by the persons benefiting thereunder.

A proper construction of the Act of 1933, supra, necessarily leads to the conclusion that the legislature intended to carry into effect for the two-year period therein mentioned a reduction of 10 percent in teachers' salaries as based upon the salary schedule for the year 1932-1933; that for the purpose of so doing other inconsistent acts were superseded during this two-year period in order that this purpose might be accomplished, but that the provisions of those inconsistent acts were not suspended during the two-year period.

It was a temporary measure, intended to aid school districts which were financially unable to pay the regular salaries, and only those districts which chose to do so took advantage of its provisions. It was not mandatory. And as such it should be construed more strongly against the school district than against the teacher who has done his or her part and given to the district the teaching experience for which the increment is allowed. Our conclusion is that the legislature did not intend that such teacher should lose or forfeit his or her increment earned during this emergency legislation.

*Order*

Now, December 27, 1935, upon and after due consideration of this case, it is ordered and directed that the board of school directors of the City of Uniontown fix the salary of Robert L. Fee as a teacher in the junior high school in said school district for the year 1935-1936 at the sum of not less than $1500; it is further ordered that the costs of this proceeding be paid by the school district of the City of Uniontown.

From Luke H. Frasher, Uniontown.